■ In the Matter of NASIR LEVON L., an Infant. ASHLEY BERNADETTE B., Appellant; JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent. [974 NYS2d 50]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about September 27, 2011, which denied respondent mother's motion to vacate orders of fact finding and disposition, same court and Judge, entered on or about August 1, 2011, determining that she permanently neglected the subject child, terminating her parental rights, and committing the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Respondent failed to demonstrate a reasonable excuse for her default and a meritorious defense to the petition (see CPLR 5015 [a] [1]; *Matter of Tyieyanna L. [Twanya McK.]*, 94 AD3d 494 [1st Dept 2012]). Her delay in obtaining a mental health treatment discharge report until the day she had to appear in court, and alleged public transportation difficulties on that same day, do not establish a reasonable excuse for the failure to appear, especially as respondent does not claim that she was unfamiliar with the public transportation system or had not previously used it to travel to Family Court (see *Matter of Christian E.*, 66 AD3d 433 [1st Dept 2009]; *Matter of Male H.*, 179 AD2d 384 [1st Dept 1992], *lv dismissed in part and denied in part* 79 NY2d 1026 [1992]).

There is no evidence that respondent completed the mental health treatment program called for in her service plan within the relevant one-year period so as to demonstrate a meritorious defense to the allegations of permanent neglect. The program discharge summary submitted by respondent states that she was inconsistent and noncompliant with treatment, had no interest in treatment, and terminated treatment of her own accord (see *Matter of Tyieyanna L.*, 94 AD3d at 494). Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Freedman, JJ.